RUSSELL E. MCCALLISTER AND MARIE MCCALLISTER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7202–76.    Filed June 29, 1978.

*Leon K. Oxley,* for the petitioners.
*Joel V. Williamson,* for the respondent.

DRENNEN, *Judge:* Respondent determined a deficiency in

petitioners' 1973 income tax of $723.47. The only issue for our decision is whether under section 162(a), I.R.C. 1954,[1] petitioners are entitled to deduct automobile expenses incurred by petitioner Russell E. McCallister in traveling between his residence and his place of employment each working day.[2]

FINDINGS OF FACT

Russell E. McCallister and Marie McCallister, husband and wife, resided in Culloden, W. Va., when their petition was filed in this case. Marie McCallister is a petitioner only because the couple filed a joint return for the calendar year 1973 (at the Internal Revenue Service Center, Memphis, Tenn.), and references herein to petitioner are to Russell McCallister alone.

Petitioner is an electrician and a member of both the Building and Trade Council American Federation of Labor and Electrical Workers Local No. 317, Huntington, W. Va.

Petitioner obtained employment through his union local. The average duration of his jobs was 3 to 5 months.

On March 13, 1972, petitioner began work on the General Gavin Electric Power Plant in Cheshire, Ohio (hereinafter Gavin Power Plant). His employer was Delta-Electric and T. F. Jackson of White Plains, N.Y., a subcontractor with respect to construction of the Gavin Power Plant. This employment was obtained through petitioner's union local (Local No. 317). The duration of petitioner's employment at the Gavin Power Plant was indefinite in that it was not for a fixed period of time.

Construction of the Gavin Power Plant was initiated in the spring of 1971. This construction called for the installation of two major generators that would be used to produce electricity. At the initiation of construction, it was projected that the first generator would be operational by October 20, 1974. The second generator unit was projected to be operational by July 6, 1975. Both generator units were made operational by the projected dates. The Gavin Power Plant was operational after the installation and completion of its first generator unit on October

---

[1] All section references are to the Internal Revenue Code of 1954, as amended and in effect in the year in issue, unless otherwise indicated.

[2] See also companion cases *Harrison v. Commissioner*, T.C. Memo. 1978–241, and *Hensley v. Commissioner*, T.C. Memo. 1978–242. Petitioner Russell E. McCallister and the petitioner-husbands in *Harrison* and *Hensley* worked at the same construction site. These cases were said to be 3 of about 14 pending cases involving the same issue for other construction workers working on the Gavin Power Plant.

20, 1974. The Gavin Power Plant became fully operational after the installation and completion of construction on its second generator unit, which was accomplished on July 6, 1975. The Gavin Power Plant is owned by Ohio Electric, a subsidiary of Ohio Power Co., which in turn is a subsidiary of American Electric Power Co. The Gavin Power Plant produces electrical power for a 7-State area in the Midwest.

Petitioner was continuously employed by Delta-Electric and T.F. Jackson at the Gavin Power Plant for approximately 40 months from March 13, 1972, through July 16, 1975, except for a brief period. Specifically, from March 17, 1973, through March 25, 1973, petitioner and other workers were "locked out." While the plant was so shut down, petitioner worked 1 day on another job at the John Amos Power Plant. When petitioner's employment at the Gavin Power Plant terminated in 1975 some construction work remained to be completed, but petitioner was laid off.

Petitioner was aware when he accepted employment with Delta-Electric and T.F. Jackson at the Gavin Power Plant that construction of the plant would require several years.[3]

Petitioner was hired as a foreman at the Gavin Power Plant project and continued in that capacity until October or November 1972. Thereafter he was a general foreman. He initially worked on building temporary light and power and later (as of March 1973) built generator leads.

When he obtained the job at the Gavin Power Plant petitioner did not change his residence to the jobsite. Petitioner traveled by automobile daily to his place of employment at the Gavin Power Plant, Cheshire, Ohio, from his Culloden, W. Va., residence during the period March 13, 1972, through July 16, 1975. Petitioner returned to his Culloden, W. Va., residence after the completion of each day's work at the Gavin Power Plant. Petitioner's travel from his Culloden, W. Va., home to Cheshire, Ohio, and return involved travel of 55 miles one way and 110 miles round trip. Petitioner was not reimbursed for expenses incurred in traveling to and from the jobsite.

On petitioners' 1973 income tax return, petitioner claimed an employee business expense of $2,979.36 for his daily travel from

---

[3]Petitioner's objection that evidence with respect to the duration of the overall construction of the plant itself is irrelevant is denied.

his Culloden, W. Va., residence to the Gavin Power Plant jobsite at Cheshire, Ohio, and for his return trip to his residence. These expenses were incurred for transportation alone. In the notice of deficiency respondent disallowed the deduction of these expenses on the ground it had not been established that the expenses claimed were ordinary and necessary business expenses or were expended for the purpose designated.[4] The parties are now in agreement, however, that substantiation of the expenses is not in issue.

## ULTIMATE FINDING OF FACT

Petitioner's employment at Cheshire, Ohio, in 1973 was not temporary.

## OPINION

Although we have held that automobile expenses in commuting between the taxpayer's residence and even a temporary jobsite outside a taxpayer's normal area of employment are not deductible (see *Turner v. Commissioner*, 56 T.C. 27 (1971) (reviewed by the Court), vacated and remanded on respondent's motion by an unpublished order (2d Cir., Mar. 21, 1972)), respondent again has chosen not to so frame the issue. See also *Norwood v. Commissioner*, 66 T.C. 467 (1976). Counsel for respondent in his opening statement at trial conceded that if we determine petitioner's employment at Cheshire, Ohio, was temporary rather than indefinite, petitioner's transportation expenses are deductible as ordinary and necessary business expenses under section 162(a).[5] Under the circumstances, we need not inquire as to what provision in the law petitioner relies on for the deduction. Compare *Kroll v. Commissioner*, 49 T.C. 557 (1968) (temporary-indefinite rule used to test whether taxpayer "away from home" under section 162(a)(2)). Any

---

[4]Respondent did not disallow the transportation expenses claimed by petitioner on his 1972 return.

[5]This may be a short-term position by respondent. In Rev. Rul. 76-453, 1976-2 C.B. 86, respondent agreed to follow *Turner v. Commissioner*, 56 T.C. 27 (1971) (that is, respondent agreed that the temporary nature of a taxpayer's work does not convert commuting expenses into ordinary and necessary business expenses). After postponing the effective date of the ruling three times, respondent suspended it indefinitely on Sept. 23, 1977, and announced that proposed regulations inviting public comment would be issued shortly. Announcement 77-147, 1977-42 I.R.B. 45.

conflict with *Turner* here is mooted because we find that petitioner's work at Cheshire, Ohio, was not temporary.[6]

Temporary employment has been defined as the kind of employment that can be expected to last only for a short period of time. *Albert v. Commissioner*, 13 T.C. 129, 131 (1949). To qualify for a deduction under the temporary-indefinite rule, the employment must be temporary in contemplation at the time of its acceptance and not indeterminite in fact as it develops. *Commissioner v. Peurifoy*, 254 F.2d 483 (4th Cir. 1957), affd. per curiam 358 U.S. 59 (1958).

Guidance on how these tests should be applied also can be found in *Peurifoy*. With regard to expected duration, there the only evidence was that other projects worked on had been temporary, but the three taxpayers' work was on an apparently large construction project (a duPont plant) not near a large metropolitan center where local supply of necessary skills had to be greatly augmented by workers coming from other places. With respect to actual duration, of the three construction workers in *Peurifoy* working on the duPont plant, one left after 20½ months for an undisclosed reason and two left after shorter periods for personal reasons, not because work for people of their trades was no longer available. On these facts, the Fourth Circuit, to which an appeal in this case would lie, reversed the Tax Court and disallowed travel expense deductions because the taxpayers' jobs were not temporary.

We do not find this case meaningfully distinguishable from *Peurifoy*. The record does not show the period of expected employment of electricians on the Gavin Power Plant, but it does reveal that construction would require several years. Also, as in *Peurifoy*, the construction was not near a large metropolitan center (Cheshire, Ohio), and one would expect a continuing need for outside workers. Compare *Basden v. Commissioner*, T.C. Memo. 1978–232. Whatever the expected duration, the actual duration of petitioner's employment at Cheshire, Ohio, became substantial or indefinite in that he worked there for 40 months.

Petitioner points to his testimony that during the past 20 years he had worked on numerous jobs, few of which lasted more

---

[6]On brief respondent argues that the expenses involved were personal commuting expenses and therefore not deductible. In light of respondent's opening statement we have given no consideration to sec. 262.

than a year, and argues that the nature of his work usually involves short periods of time. He also argues that since he was employed by a subcontractor, the fact that the entire construction project would take 4 years to complete did not assure him of employment throughout that period. While petitioner may have accepted other employment at other times which was temporary, that does not prove that *this* employment was temporary and not of substantial or indefinite duration. *Peurifoy v. Commissioner; supra; Claunch v. Commissioner,* 29 T.C. 1047 (1958). The nature of petitioner's work, as an electrician, may well provide jobs of short duration, such as the 1-day job at the Amos Power Plant while he was locked out at the Gavin Power Plant, but we have no evidence that any of these so-called temporary jobs were involved in the construction of a power plant that was estimated would take about 4 years to complete. We do not know the extent of petitioner's employer's subcontract but the first work to which petitioner was assigned lasted at least a year. It also seems probable that an electrical subcontractor who performed his work well would be granted additional contracts as construction progressed and that the subcontractor would continue to offer work to an employee whom it had made general foreman. Petitioner's arguments relating to the duration of his prior employment therefore are not convincing.

Also, we do not agree, as petitioner argues, that *Peurifoy* can be fairly distinguished on the ground that the nature of petitioner's work was so specialized that it could be anticipated that jobs to which he was assigned would be of shorter expected or actual duration. We do not believe the evidence supports a finding that this particular job assignment was temporary, rather than indefinite, in duration.

The fact that petitioner had no assurance of how long his employment at the Gavin Power Plant would last is not determinative of whether the employment was "temporary" or "indefinite." In light of the facts and circumstances mentioned above, it would have been reasonable to assume at the inception of the employment that it would continue for a substantial, indeterminate period of time, and the substantial actual duration of the employment is persuasive that the employment was "indeterminate in fact as it developed." See *Norwood v. Commissioner, supra.*

As of January 1, 1973, petitioner had been employed on the

Gavin Power Plant job for over 9 months, and there is no evidence that at that time he had reason to believe the job would terminate any time soon. He continued on this job throughout the year 1973, in fact until July 1975. Cheshire, Ohio, was petitioner's tax home in 1973.[7]

We find that petitioner's employment at Cheshire, Ohio, during 1973 was not temporary, and no deduction is allowed for petitioner's transportation expenses in 1973 under section 162(a) of the Code. Compare *Blatnick v. Commissioner*, 56 T.C. 1344 (1971).

*Decision will be entered for the respondent.*

---

[7]We realize that the "tax home" concept is usually discussed in determining whether a taxpayer is entitled to deductions for travel expenses while away from home under sec. 162(a)(2) and that that section is not involved here because petitioner was not away from home overnight, whether his tax home was in Culloden or Cheshire. However, we believe it may also have some relevance in determining whether these transportation expenses were necessary expenses of petitioner's business. See *Coombs v. Commissioner*, 67 T.C. 426 (1976) (on appeal to the 9th Circuit).