THOMAS O. GALLOWAY AND PEGGY J. GALLOWAY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Galloway v. Commissioner
Docket No. 7210-76.
United States Tax Court
T.C. Memo 1979-134; 1979 Tax Ct. Memo LEXIS 391; 38 T.C.M. (CCH) 596; T.C.M. (RIA) 79134; April 9, 1979, Filed *391 Held, petitioner's employment as an electrician in the construction of a power plant was not temporary and, therefore, he is not entitled to deduct under sec. 162(a), I.R.C. 1954, automobile expenses incurred in 1973 and 1974 for traveling daily between his residence and place of employment. McCallister v. Commissioner,70 T.C. 505 (1978). William M. Frazier and Leon K. Oxley, for the petitioners. Joel V. Williamson, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined deficiencies of $502.80 and $844.07 in petitioners' Federal income taxes for taxable years 1973 and 1974, respectively. The sole issue [1] is whether under section 162(a)[2] petitioners *392 are entitled to deduct automobile expenses incurred by petitioner Thomas O. Galloway in traveling between his residence and his place of employment each working day. FINDINGS OF FACT All of the facts have been siptulated and are found accordingly. Thomas O. (hereinafter petitioner) and Peggy J. Galloway resided in Proctorville, Ohio, when they filed their 1973 and 1974 joint Federal income tax returns with the Internal Revenue Service Center, Cincinnati, Ohio, and when they filed their petition in this case. Petitioner is an electrician and a member of both the Building and Trade Council American Federation of Labor and Brotherhood of Electrical Workers Local No. 317 (hereinafter union local), Huntington, West Virginia. He obtains employment on a job-by-job basis through his union local *393 in Huntington, West Virginia. On July 17, 1972, petitioner started working on the General Gavin Electric Power Plant in Cheshire, Ohio (hereinafter Gavin Power Plant). He was employed by Delta Electric and T. F. Jackson of White Plains, New York, a subcontractor on the construction of the Gavin Power Plant. This employment was obtained through petitioner's union local. Construction of the Gavin Power Plant was initiated in the spring of 1971. This construction called for the installation of two major generators which would be used to produce electricity. At the initiation of construction, it was projected the first generator would be operational by October 20, 1974. The second generator was projected to be operational by July 6, 1975. Both generators were made operational by the projected dates. The Gavin Power Plant was operational after the installation and completion of its first generator unit on October 20, 1974. The Gavin Power Plant became fully operational after the installation and completion of its second generator unit on July 6, 1975. The Gavin Power Plant is owned by Ohio Electric, which is a subsidiary of Ohio Power Co., which in turn is a subsidiary of *394 American Electric Power Co. The Gavin Power Plant produces electrical power for a seven state area in the Midwest. Petitioner was employed at the Gavin Power Plant for approximately thirty-three months from July 17, 1972 through May 2, 1975. This employment was continuous except for the period between September 9, 1973 and October 8, 1973, when petitioner was employed for eight days by Wente Construction Co. in Ashland, Kentucky. Petitioner traveled daily by automobile to his place of employment at the Gavin Power Plant, Cheshire, Ohio, from his Proctorville, Ohio, residence during the period July 17, 1972 through May 2, 1975. He returned to his Proctorville, Ohio, residence after the completion of each day's work at the Gavin Power Plant. His travel from his Proctorville, Ohio, residence to Cheshire, Ohio, and return involved travel of forty-six miles one way and ninety-two miles round trip. On petitioner's 1973 and 1974 income tax returns, he claimed employee business expenses of $2,412.36 and $3,381.20, respectively, relating to his daily travel to and from the Gavin Power Plant job site. In the notice of deficiency, respondent disallowed the deduction of these expenses *395 on the grounds that it had not been established the expenses claimed were ordinary and necessary business expenses or were expended for the purpose designated. The parties now agree, however, that substantiation of the expenses is not at issue. ULTIMATE FINDING OF FACT Petitioner's employment at Cheshire, Ohio, in 1973 and 1974 was not temporary. OPINION This case arises as a result of respondent's disallowance of Gavin Power Plant employees' deductions for automobile expenses incurred in making daily round trips between their residences and the Gavin Power Plant job site in Cheshire, Ohio. This Court has held that the daily transportation expenses incurred by three individuals working at the Gavin Power Plant job site were nondeductible because the taxpayers in those cases were employed on jobs of indefinite duration. McCallister v. Commissioner,70 T.C. 505 (1978); Harrison v. Commissioner,T.C. Memo. 1978-241; Hensley v. Commissioner,T.C. Memo. 1978-242. The analysis of the law in McCallister, and the application of the law to the facts in that case applies with equal force here. As of January 1, 1973, the taxpayer *396 in McCallister had spent nine months working at the Gavin Power Plant. Petitioner in the instant case had been on the job more than six months as of January 1, 1973. There is no meaningful distinction in the facts of these cases. We find McCallister v. Commissioner,supra, controlling and hold for respondent. [3]
Decision will be entered for the respondent.
Footnotes
1. Apparently petitioners have conceded other issues raised in respondent's notice of deficiency because they were neither specifically addressed in their petition to this Court nor was any evidence presented to refute respondent's determination which is presumed correct. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. We note that between September 9, 1973 and October 8, 1973, petitioner was employed for eight days by Wente Construction Company inashland, Kentucky. Respondent's disallowance of petitioner's automobile expense deduction in 1973 may have included automobile expenses incurred as a result of that employment as well as those related to the employment at the Gavin Power Plant job site. The record does not disclose the circumstance of petitioner's employment with the Wente Construction Company. Since petitioner has failed to prove possible entitlement to a deduction for automobile expenses related to that employment, we uphold respondent's disallowance for 1973 in its entirety.↩