ROBERT M. HURST and CHERYL L. HURST, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hurst v. Commissioner
Docket No. 245-77.
United States Tax Court
T.C. Memo 1979-232; 1979 Tax Ct. Memo LEXIS 296; 38 T.C.M. (CCH) 924; T.C.M. (RIA) 79232; June 12, 1979, Filed *296 Held, petitioner has failed to carry his burden of proving his employment as a laborer in the construction of a power plant was temporary, therefore, he is not entitled to deduct under sec. 162(a), I.R.C. 1954, automobile expenses incurred in 1974 for traveling between his residence and place of employment. William M. Frazier and Leon K. Oxley, for the petitioners. Joel V. Williamson, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $507 in petitioners' 1974 Federal income tax. The sole issue is whether under section 162(a)[1] petitioners are entitled to deduct automobile expenses incurred by petitioner Robert M. Hurst in traveling between his *297 residence and his place of employment each working day. FINDINGS OF FACT All of the facts have been stipulated and are found accordingly. Robert M. (hereinafter petitioner) and Cheryl L. Hurst, resided in Sciotoville, Ohio, when they filed their 1974 joint Federal income tax return with the Internal Revenue Service Center, Cincinnati, Ohio, and when they filed their petition in this case. Petitioner is a laborer by trade and a member of both the Building and Trade Council American Federation of Labor and Laborers' International Union of North America Local 83 (hereinafter union local), Portsmouth, Ohio. He obtains employment on a job-by-job basis through his union local in Portsmouth, Ohio. On June 16, 1972, petitioner obtained employment through his union local with Research Cottrell, Inc. He was then employed by B. F. Shaw Co. on December 17, 1973, and by Ross Brothers on October 10, 1974. Research Cottrell, Inc., B. F. Shaw Co., and Ross Brothers, subcontractors on the construction of the General Gavin Electric Power Plant, Cheshire, Ohio (hereinafter *298 Gavin Power Plant), each assigned petitioner to work at the Gavin Power Plant. Construction of the Gavin Power Plant was initiated in the spring of 1971. This construction called for the installation of two major generators which would be used to produce electricity. At the initiation of construction, it was projected the first generator would be operational by October 20, 1974. The second generator was projected to be operational by July 6, 1975. Both generators were made operational by the projected dates. The Gavin Power Plant was operational after the installation and completion of its first generator unit on October 20, 1974. The Gavin Power Plant became fully operational after the installation and completion of its second generator unit on July 6, 1975. The Gavin Power Plant is owned by Ohio Electric, which is a subsidiary of Ohio Power Co., which in turn is a subsidiary of American Electric Power Co. The Gavin Power Plant produces electrical power for a seven state area in the Midwest. Petitioner was continuously employed at the Gavin Power Plant by his three employers during the following periods of time: [SEE TABLE IN ORIGINAL] Petitioner traveled daily *299 to his place of employment at the Gavin Power Plant, Cheshire, Ohio, from his Sciotoville, Ohio, residence during the period June 16, 1972 through November 1, 1974. He returned to his Sciotoville, Ohio, residence after the completion of each day's work at the Gavin Power Plant. His travel from his Sciotoville, Ohio, residence to Cheshire, Ohio, and return involved travel of 22,960 miles for the year 1974. On petitioner's 1974 income tax return, he claimed an employee business expense of $3,046 relating to his daily travel to and from the Gavin Power Plant job site. In the notice of deficiency, respondent disallowed the deduction of this expense on the grounds that it had not been established the expense claimed was an ordinary and necessary business expense or was expended for the purpose designated. The parties now agree, however, that substantiation of the expense is not at issue. OPINION This case arises as a result of respondent's disallowance of Gavin Power Plant employees' deductions for automobile expenses incurred in making daily round trips between their residences and the Gavin Power Plant job site in Cheshire, Ohio. This Court has held that the daily transportation *300 expenses incurred by three individuals working at the Gavin Power Plant job site were nondeductible because the taxpayers in those cases were employed on jobs of indefinite duration. McCallister v. Commissioner,70 T.C. 505 (1978); Harrison v. Commissioner,T.C. Memo. 1978-241; Hensley v. Commissioner,T.C. Memo. 1978-242. Unlike the petitioner in the instant case, however, the taxpayers in those cases had been employed by the same employer while they were working on the construction of the Gavin Power Plant and had been on the job site several months prior to the year respondent disallowed their deductions in his notice of deficiencies. [2] Petitioner was employed by three different employers during the course of his employment at the Gavin Power Plant and had been employed by the second employer for only two weeks prior to 1974, the year respondent disallowed the deductions in his notice of deficiency. Moreover, petitioner's employment with his third employer lasted only three weeks during 1974, the year at issue. *301 Although petitioner has a stronger case for finding his employments at the Gavin Power Plant temporary rather than indefinite in duration, he presented no evidence showing that at the inception of his employments with the second and third employers it would have been reasonable to assume that the employments would not continue for a substantial, indeterminate period of time. Norwood v. Commissioner,66 T.C. 467, 469 (1976). Since petitioner has failed to carry his burden of proving respondent's determination wrong by showing his employments were temporary, Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure, we must hold for respondent. The analysis of the law in McCallister v. Commissioner,supra, to the extent relevant, applies with equal force here. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. In McCallister v. Commissioner,70 T.C. 505 (1978); Harrison v. Commissioner,T.C. Memo. 1978-241; and Hensleyv. Commissioner,T.C. Memo. 1978-242↩, the taxpayers had spent 9, 14, and 12 months, respectively, working at the Gavin Power Plant job site prior to the year respondent disallowed their deductions.