CURTIS H. THACKER and BETTY L. THACKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thacker v. Commissioner
Docket No. 2605-77.
United States Tax Court
T.C. Memo 1979-231; 1979 Tax Ct. Memo LEXIS 295; 38 T.C.M. (CCH) 923; T.C.M. (RIA) 79231; June 12, 1979, Filed *295 Held, petitioner's employment as an electrician in the construction of a power plant was not temporary and, therefore, he is not entitled to deduct under sec. 162(a), I.R.C. 1954, automobile expenses incurred in 1974 for traveling daily between his residence and place of employment. McCallister v. Commissioner,70 T.C. 505 (1978). William M. Frazier and Leon K. Oxley, for the petitioners. Joel V. Williamson, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $981.67 in petitioners' 1974 Federal income tax. The sole issue is whether under section 162(a)[1] petitioners are entitled to deduct automobile expenses incurred by petitioner *296 Curtis H. Thacker in traveling between his residence and his place of employment each working day. FINDINGS OF FACT All of the facts have been stipulated and are found accordingly. Curtis H. (hereinafter petitioner) and Betty L. Thacker resided in Waverly, Ohio, when they filed their 1974 joint Federal income tax return with the Internal Revenue Service Center, Cincinnati, Ohio, and when they filed their petition in this case. Petitioner is an electrician and a member of both the Building and Trade Council American Federation of Labor and Union Local No. 932 Electricians Union (hereinafter union local), at Cosgay, Oregon. He obtains employment on a job-by-job basis through his union local. On April 16, 1973, petitioner started working on the General Gavin Electric Power Plant in Cheshire, Ohio (hereinafter Gavin Power Plant). He was employed by Delta Electric and T. F. Jackson, Inc., White Plains, New York, a subcontractor on the construction of the Gavin Power Plant. This employment was obtained through petitioner's unionlocal. Construction of the *297 Gavin Power Plant was initiated in the spring of 1971. This construction called for the installation of two major generators which would be used to produce electricity. At the initiation of the construction, it was projected the first generator would be operational by October 20, 1974. The second generator was projected to be operational by July 6, 1975. Both generators were made operational by the projected dates. The Gavin Power Plant was operational after the installation and completion of its first generator unit on October 20, 1974. The Gavin Power Plant became fully operational after the installation and completion of its second generator unit on July 6, 1975. The Gavin Power Plant is owned by Ohio Electrct, which is a subsidiary of Ohio Power Co., which in turn is a subsidiary of American Electric Power Co. The Gavin Power Plant produces electrical power for a seven state ara in the Midwest.
Petitioner was employed continuously at the Gavin Power Plant for approximately twenty-two months from April 16, 1973 through February 21, 1975. Petitioner traveled daily by automobile to his place of employment at the Gavin Power Plant, Cheshire, Ohio, from his Waverly, Ohio, *298 residence during the period April 16, 1973 through February 21, 1975. He returned to his Waverly, Ohio, residence after the completion of each day's work at the Gavin Power Plant. His travel from his Waverly, Ohio, residence to Cheshire, Ohio, and return involved travel of 72 miles one way and 144 miles round trip. On petitioner's 1974 income tax return, he claimed employee business expenses of $4,350 relating to his daily travel to and from the Gavin Power Plant job site. In the notice of deficiency, respondent disallowed the deduction of the expense on the grounds that it had not been established the expense claimed was an ordinary and necessary business expense or was expended for the purpose designated. The parties now agree, however, that substantiation of the expense is not at issue. ULTIMATE FINDING OF FACT Petitioner's employment at Cheshire, Ohio, in 1974, was not temporary. OPINION This case arises as a result of respondent's disallowance of Gavin Power Plant employees' deductions for automobile expenses incurred in making daily round trips between their residences and the Gavin Power Plant job site in Cheshire, Ohio. This Court has held that the daily transportation *299 expenses incurred by three individuals working at the Gavin Power Plant job site were nondeductible because the petitioners in those cases were employed on jobs of indefinite duration. McCallister v. Commissioner,70 T.C. 505 (1978); Harrison v. Commissioner,T.C. Memo. 1978-241; Hensley v. Commissioner,T.C. Memo. 1978-242. The analysis of the law in McCallister, and the application of the law to the facts in that case apply with equal force here. As in McCallister, petitioner had been working at the Gavin Power Plant approximately nine months at the beginning of the taxable year for which respondent disallowed his transportation expense deductions. [2] There is no meaningful distinction in the facts of these cases. We find McCallister v. Commissioner,supra, controlling and hold for respondent. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Also, as in McCallister v. Commissioner,70 T.C. 505↩ (1978), respondent did not disallow the transportation expenses petitioner deducted on his return for the year (1973) his employment at the Gavin Power Plant commenced.