RAYMOND SMITH and JUDY SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 10815-77.
United States Tax Court
T.C. Memo 1979-260; 1979 Tax Ct. Memo LEXIS 266; 38 T.C.M. (CCH) 1030; T.C.M. (RIA) 79260; July 11, 1979, Filed *266 Held, petitioner's employment as a laborer in the construction of a power plant was not temporary and, therefore, he is not entitled to deduct under sec. 162(a), I.R.C. 1954, automobile expenses incurred in 1975 for traveling daily between his residence and place of employment. McCallister v. Commissioner,70 T.C. 505 (1978). William M. Frazier and Leon K. Oxley, for the petitioners. Joel V. Williamson, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $730.40 in petitioners' 1975 Federal income tax. The sole issue is whether under section 162(a)[1] petitioners are entitled to deduct automobile expenses incurred by petitioner Raymond *267 Smith in traveling between his residence and his place of employment each working day. FINDINGS OF FACT All of the facts have been stipulated and are found accordingly. Raymond (hereinafter petitioner) and Judy Smith resided in Garrison, Kentucky, when they filed their 1975 joint Federal income tax return with the Internal Revenue Service Center, Memphis, Tennessee, and when they filed their petition in this case. Petitioner is a laborer and a member of the Building and Trade Council American Federation of Labor. He obtains employment on a job-by-job basis through his union local office. On June 9, 1972, petitioner started working on the General Gavin Electric Power Plant in Cheshire, Ohio (hereinafter Gavin Power Plant). He was employed by Delta Electric and T.F. Jackson, Inc., of White Plains, New York, a subcontractor on the construction of the Gavin Power Plant. This employment was obtained through petitioner's union local. Construction of the Gavin Power Plant was initiated in the spring of 1971. This construction called for the installation of *268 two major generators which would be used to produce electricity. At the initiation of construction, it was projected the first generator would be operational by October 20, 1974. The second generator was projected to be operational by July 6, 1975. Both generators were made operational by the projected dates. The Gavin Power Plant was operational after the installation and completion of its first generator unit on October 20, 1974. The Gavin Power Plant became fully operational after the installation and completion of its second generator unit on July 6, 1975. The Gavin Power Plant is owned by Ohio Electric, which is a subsidiary of Ohio Power Co., which in turn is a subsidiary of American Electric Power Co. The Gavin Power Plant produces electrical power for a seven state area in the Midwest. Petitioner was employed at the Gavin Power Plant continuously for 38 months from June 9, 1972 through August 20, 1975. Petitioner traveled daily by automobile to his place of employment at the Gavin Power Plant, Cheshire, Ohio, from his Garrison, Kentucky, residence during the period June 9, 1972 through August 20, 1975. He returned to his Garrison, Kentucky, residence after the *269 completion of each day's work at the Gavin Power Plant. His travel from his Garrison, Kentucky, residence to Cheshire, Ohio, and return, involved travel of 90 miles one way and 180 miles round trip. On petitioner's 1975 income tax return, he claimed employee business expenses of $3,250 relating to his travel to and from the Gavin Power Plant job site. In the notice of deficiency, respondent disallowed the deduction of these expenses on the grounds that it had not been established the expenses claimed were ordinary and necessary business expenses or were expended for the purpose designated. [2] The parties now agree, however, that substantiation of the expenses is not at issue. ULTIMATE FINDING OF FACT Petitioner's employment at Cheshire, Ohio, in 1975 was ot temporary. OPINION This case arises as a result of respondent's disallowance of Gavin Power Plant employees' deductions for automobile expenses incurred in making daily round trips between their residences and *270 the Gavin Power Plant job site in Cheshire, Ohio. This Court has held that the daily transportation expenses incurred by three individuals working at the Gavin Power Plant job site were nondeductible because the taxpayers in those cases were employed on jobs of indefinite duration. McCallister v. Commissioner,70 T.C. 505 (1978), Harrison v. Commissioner,T.C. Memo. 1978-241; Hensley v. Commissioner,T.C. Memo. 1978-242. The analysis of the law in McCallister, and the application of the law to the facts in that case apply with equal force here. The taxpayer in McCallister had been working at the Gavin Power Plant job site for nine months before respondent disallowed his transportation expense deduction. [3] Petitioner in the instant case had been on the job more than 30 months before respondent disallowed his transportation expense deduction. [4] Since petitioner in the instant case had been on the job longer than the taxpayer in McCallister when respondent determined the employment was indefinite induration, and petitioner in the instant case presented no evidence showing his employment at the Gavin Power Plant job *271 site was temporary, the facts here are even stronger than in McCallister for finding in favor of respondent. We find McCallister v. Commisioner,supra, controlling and hold for respondent. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Rebenue Code of 1954, as amended, unless otherwise indicated.↩
2. Respondent also disallowed petitioners' remaining itemized deductions and allowed them the standard deduction which gave then a larger deduction than provided by their remaining allowable deductions.↩
3. In McCallister v. Commissioner,70 T.C. 505↩ (1978), respondent did not disallow the transportation expenses the taxpayer deducted on his return for the year (1972) in which his employment at the Gavin Power Plant commenced. 4. Respondent did not disallow the transportation expenses petitioner deducted on his returns for 1973 and 1974, years subsequent to his commencing employment at the Gavin Power Plant job site on June 9, 1972, but prior to respondent's determination for 1975, the year at issue.↩