FRED E. DULEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Duley v. Commissioner
Docket No. 6181-77.
United States Tax Court
T.C. Memo 1979-262; 1979 Tax Ct. Memo LEXIS 263; 38 T.C.M. (CCH) 1035; T.C.M. (RIA) 79262; July 12, 1979, Filed *263 Held, petitioner's employment as a boilermaker in the construction of a power plant was not temporary and, therefore, he is not entitled to deduct under sec. 162(a), I.R.C. 1954, automobile expenses incurred in 1974 for traveling daily between his residence and place of employment. McCallister v. Commissioner,70 T.C. 505 (1978). William M. Frazier and Leon K. Oxley, for the petitioner. Joel V. Williamson, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $701.00 in petitioner's 1974 Federal income taxes. The sole issue [1] is whether under section 162(a)[2] petitioner is entitled to deduct automobile expenses he incurred in traveling *264 between his residence and his place of employment each working day. FINDINGS OF FACT All of the facts have been stipulated and are found accordingly. Fred E. Duley resided in Ashland, Kentucky, when he filed his 1974 individual Federal income tax return with the Internal Revenue Service Center, Memphis, Tennessee, and when he filed his petition in this case. Petitioner is a boilermaker and a member of both the Building and Trade Council American Federation of Labor and a boilermaker's union in Kansas. He secures employment, however, through the Boilermaker's Union Local 105, Chillicothe, Ohio. On February 12, 1973, petitioner started working on the General Gavin Electric Power Plant in Cheshire, Ohio (hereinafter Gavin Power Plant). He was employed by the Babcock and Wilcox Company, New *265 York, New York, a subcontractor on the construction of the Gavin Power Plant. This employment was obtained through Union Local 105. Construction of the Gavin Power Plant was initiated in the spring of 1971. This construction called for the installation of two major generators which would be used to produce electricity. At the initiation of construction, it was projected the first generator would be operational by October 20, 1974. The second generator was projected to be operational by July 6, 1975. Both generators were made operational by the projected dates. The Gavin Power Plant was operational after the installation and completion of its first generator unit on October 20, 1974. The Gavin Power Plant became fully operational after the second installation and completion of its second generator unit on July 6, 1975. The Gavin Power Plant is owned by Ohio Electric, which is a subsidiary of Ohio Power Co., which in turn is a subsidiary of American Electric Power Co. The Gavin Power Plant produces electrical power for a seven state area in the Midwest. Petitioner was employed at the Gavin Power Plant continuously for approximately 14 months from February 12, 1973 through *266 April 15, 1974. Petitioner traveled daily by automobile to his place of employment at the Gavin Power Plant, Cheshire, Ohio, from his Ashland, Kentucky, residence during the period February 12, 1973 through April 15, 1974. He returned to his Ashland, Kentucky, residence after the completion of each day's work at the Gavin Power Plant. His daily travel from his Ashland, Kentucky, residence to Cheshire, Ohio, and return involved travel of 73 miles one way and 146 miles round trip. On petitioner's 1974 income tax return, he claimed employee business expenses of $1,653.00 relating to his daily travel to and from the Gavin Power Plant job site. In the notice of deficiency, respondent disallowed the deduction of all but $120.00 of these expenses on the grounds that it had not been established the expenses claimed were ordinary and necessary business expenses or were expended for the purpose designated. The parties now agree, however, that substantiation of the expenses is not at issue. ULTIMATE FINDING OF FACT Petitioner's employment at Cheshire, Ohio, in 1974 was not temporary. OPINION This case arises as a result of respondent's disallowance of Gavin Power Plant employees' *267 deductions for automobile expenses incurred in making daily round trips between their residences and the Gavin Power Plant job site in Cheshire, Ohio. This Court held that the daily transportation expenses incurred by three individuals working at the Gavin Power Plant job site were nondeductible because the taxpayers in those cases were employed on jobs of indefinite duration. McCallister v. Commissioner,70 T.C. 505 (1978); Harrison v. Commissioner,T.C. Memo. 1978-241; Hensley v. Commissioner,T.C. Memo. 1978-242. Although the 14 month period petitioner was employed at the Gavin Power Plant was not as long as the periods of employment of the taxpayers in the cases cited above, [3] petitioner has presented no evidence showing that at the inception of his employment it would have been reasonable to assume that the employment would not continue for a substantial, indeterminate period of time. Norwood v. Commissioner,66 T.C. 467, 469 (1976). The stipulation of facts petitioner agreed to indicates he knew upon commencing his employment at the Gavin Power Plant job site that it was possible he could have worked there *268 well beyond his actual termination date of April 15, 1974. This termination date was over 14 months prior to July 6, 1975, the projected completion date of the Gavin Power Plant. Since petitioner has failed to carry his burden of proving respondent's determination wrong by showing his employment was temporary, Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure, the analysis of the law in McCallister and the application of the law to the facts in that case applies with equal force here. As in McCallister, petitioner had been working at the Gavin Power Plant job site approximately nine months at the beginning of the taxable year for which respondent disallowed his transportation expense deductions. [4]
*269 We find McCallister v. Commissioner,supra, controlling and hold for respondent. Decision will be entered for the respondent.
Footnotes
1. Petitioner has apparently conceded other issues raised in respondent's notice of deficiency because they were neither specifically addressed in his petition to this Court nor was any evidence presented to refute respondent's determination which is presumed correct. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. In McCallister v. Commissioner,70 T.C. 505 (1978), Harrison v. Commissioner,T.C. Memo. 1978-241, and Hensley v. Commissioner,T.C. Memo. 1978-242↩, the taxpayers had spent 40, 19, and 26 months, respectively, working at the Gavin Power Plant job site. 4. Also, as in McCallister v. Commissioner,70 T.C. 505↩ (1978), respondent did not disallow the transportation expenses petitioner deducted on his return for the year (1973) in which his employment at the Gavin Power Plant commenced.