FRANCIS E. TAYLOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Taylor v. Commissioner
Docket No. 3770-78.
United States Tax Court
T.C. Memo 1981-8; 1981 Tax Ct. Memo LEXIS 735; 41 T.C.M. (CCH) 696; T.C.M. (RIA) 81008; January 6, 1981
*735 From 1968 through 1975, petitioner was employed by Hill Air Force Base and assigned to the Hill Air Force Base range to which he regularly commuted. In 1975 petitioner received an allowance pursuant to 5 U.S.C. sec. 5942 as compensation for the hardship of commuting to a remote workplace, the range, from 1971 through 1975. Held, the allowance received by petitioner is includable in gross income under sec. 61(a), I.R.C. 1954. Held further, transportation costs incurred by petitioner in commuting between his home and the base or the range are nondeductible personal expenses under sec. 262. Held further, transportation costs related to petitioner's travel between the base and the range are deductible under sec. 162 in the year paid. Francis E. Taylor, pro se. R. Alan Lockyear, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1975 in the amount of $ 1,585. [1] After concessions by the parties, two issues remain for our determination: (1) whether the allowance of $ 3,570.50 received by petitioner during the year 1975 pursuant to 5 U.S.C. section 5942[2] *737 is *736 includable in his gross income under section 61, I.R.C. 1954, and (2) whether petitioner is entitled to an employee business expense deduction under section 162(a) for transportation expenses incurred in the years 1971 through 1975. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioner, Francis E. Taylor, resided in Grantsville, Utah (hereinafter home) at the time the petition herein was filed. Petitioner timely filed his u975 income tax return on the cash method of accounting. Petitioner was employed as an aerial motion picture photographer for Hill Air Force Base (hereinafter base). From 1968 through 1975 petitioner was assigned to the Hill Air Force Base range (hereinafter range) located near Lakeside, Utah, some 117 miles from the base. When not requested to go to the base by his supervisor, petitioner would drive his own automobile from his home in Grantsville, Utah to the range and would return home after completing work. On 55 working days in 1975 petitioner was specially requested by his supervisor *738 to drive from the range to the base and remain there for the remainder of his workday. The distance from petitioner's home to the base is 65 miles and from petitioner's home to the range is 55 miles. Petitioner was not required by his employer to remain at the range overnight. In 1975 petitioner received an allowance of $ 3,570.50 pursuant to 5 U.S.C. section 5942 as compensation for the expense and inconvenience of commuting to a remote workplace, the range, from 1971 through 1975. Such allowance was included in petitioner's Form W-2 for the tax year 1975 and was included in gross income on his 1975 Federal income tax return. On his 1975 Federal income tax return petitioner also deducted $ 6,686 as an employee business expense for 59,360 miles traveled during the years 1971 through 1975. Respondent disallowed the deduction on the ground that it represented personal commuting expenses. OPINION Petitioner has presented two issues for our determination. The first issue is whether the allowance of $ 3,570.50, received by petitioner in 1975 pursuant to 5 U.S.C. section 5942, is includable in gross income. Section 61(a) defines the term "gross income" as "all income from whatever *739 source derived," except as otherwise provided by law. Income has been defined as "undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion." Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955). It is axiomatic that a liberal construction is given this broad definition of gross income. Unless specifically excluded by another provision of the Internal Revenue Code, all income is subject to tax. Commissioner v. GlenshawGlass Co., supra at 430. In the instant case, the government allowance of $ 3,570.50 received by petitioner in 1975 for travel expenses incurred from 1971 through 1975 is includable in gross income in 1975 because petitioner undeniably acceded to wealth. Such increase in wealth was clearly realized in the form of money. See sec. 1.61-1(a), Income Tax Regs. Further, petitioner did not direct us to, nor does there exist, a provision of the law excluding such allowance from gross income. The law is clear and therefore respondent's position on this issue must be sustained. See also Coombs v. Commissioner, 608 F. 2d 1269 (9th Cir. 1979), affg. in part 67 T.C. 426 (1976) (per diem payments received pursuant to 5 U.S.C. section 5942 *740 are includable in gross income and do not meet the requirements for exclusion under section 119). The second issue for our determination is whether petitioner is entitled to an employee business expense deduction under section 162(a) in the tax year 1975 for transportation expenses incurred in the tax years 1971 through 1975. Section 162(a) allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Section 262, which complements section 162(a), states that "no deduction shall be allowed for personal, living, or family expenses" except as otherwise provided in the Internal Revenue Code. The law is well settled that expenses of commuting between home and a place of employment are nondeductible personal expenses regardless of the distance or remoteness of the location. Coombs v. Commissioner, supra at 473. During the period from 1968 through 1975 petitioner was employed by Hill Air Force Base and assigned to the range. Petitioner regularly commuted to the range. At his supervisor's request, petitioner sometimes traveled from the range to the base where he completed his day's work and thereafter *741 commuted home. Therefore, both the range and base were petitioner's places of employment, albeit the range being the more predominant location. Accordingly, we hold that petitioner's travel expenses incurred in commuting between his home and the base or range were nondeductible personal expenses under section 262. Petitioner maintained that a portion of his commuting expenses were deductible because his employment at the range was temporary rather than indefinite or permanent. In McCallister v. Commissioner, 70 T.C. 505 (1978), the taxpayer worked at one jobsite for 40 months. His employment was held not to be temporary. In the instant case, petitioner worked at the range for approximately 7 years. Further, petitioner received in allowance pursuant to 5 U.S.C. section 5942, which benefits do not inure to those assigned to temporary duty. See n. 2, supra. After carefully reviewing the record, we find petitioner's uncorroborated testimony unconvincing and insufficient to satisfy his burden of proof. Welch v. Helvering, 290 U.S. 111 (1973); Rule 142(a), Tax Court Rules of Practice and Procedure.
We next consider whether petitioner can deduct transportation expenses relating *742 to his travel between the range and base. In his brief, respondent recognized that "once the commuter has arrived at his first work location and his commuting has ended, his transportation expense incurred in traveling to a second job, or a second location on a primary job, are deductible" under section 162(a). Green v. Commissioner, 59 T.C. 456, 459 (1972). We agree with respondent. The law is well settled. We therefore hold that petitioner's proven costs of transportation between the range and base are deductible under section 162(a) as "ordinary and necessary" business expenses in the year paid. In 1975 petitioner, a cash basis taxpayer, deducted transportation expenses incurred from 1971 through 1975. Generally, a cash basis taxpayer must deduct expenses in the taxable year in which paid. Section 461(a); [3]section 1.461-1(a)(1), Income Tax Regs. Petitioner concedes that only a portion of the alleged $ 6,686 of transportation expenses was paid by him in 1975, the taxable year at issue herein. Transportation expenses paid in the tax years 1971 through 1974 were deductible in those respective years and not as an afterthought in tax year 1975. Therefore, only the transportation *743 expenses determined to be paid in the tax year 1975 were deductible in that year. Therefore, petitioner's deduction for costs of transportation is limited to those costs paid in tax year 1975 and related to petitioner's travel between the range and the base. Respondent, however, contends that petitioner has provided "no evidence to show the amount of the claimed 59,360 miles which were driven during 1975 and the amount of such miles driven during the preceding years" and therefore the deduction should be disallowed. Petitioner testified that he made approximately 55 trips from the range to the base in his automobile at his supervisor's request. Although he maintained no mileage record, we are convinced that petitioner incurred substantial transportation expenses for such travel in 1975 and that 55 trips, approximately one trip each week, represents a reasonably accurate figure. Therefore, we apply the so-called *744 Cohan rule and hold that petitioner is entitled to a deduction under section 162(a) of $ 965.25 [4] for such transportation expenses. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). To reflect the concessions made by the parties and the foregoing, Decision will be entered under Rule 155. Footnotes
1. Respondent's notice of deficiency dated Jan. 18, 1978 made the following adjustments: Claimed on
Allowed
return
in audit
Adjustment
(a) Travel expense
$ 6,686
$ 6,686
(b) Medical expense
991
$ 391
600
(c) Charitable contributions
569
33
536
Adjustment (a) is at issue herein. Petitioner has conceded adjustment (c) and that part of adjustment (b) which is not part of an arithmetic adjustment dependent upon the resolution of the issues in the instant case. At trial respondent agreed to allow petitioner to use the income averaging method of computing tax as provided in secs. 1301 through 1305 for the year in issue. ↩
2. The relevant portion of sec. 5942 reads as follows: Notwithstanding section 5536 of this title, an employee of an Executive department or an independent establishment who is assigned to duty, except temporary duty, at a site so remote from the nearest established communities or suitable places of residence as to require an appreciable degree of expense, hardship, and inconvenience, beyond that normally encountered in metropolitan commuting, on the part of the employee in commuting to and from his residence and such worksite, is entitled, in addition to pay otherwise due him, to an allowance of not to exceed $ 10 a day. * * *
3. SEC. 461. GENERAL RULE FOR TAXABLE YEAR OF DEDUCTION. (a) General Rule.--The amount of any deduction or credit allowed by this subtitle shall be taken for the taxable year which is the proper taxable year under the method of accounting used in computing taxable income.↩
4. Fifty-five trips x 117 miles per trip x $ .15 per mile. Rev. Proc. 74-23, 1974-2 C.B. 476↩.