STEVEN V. SCHMIEDER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schmieder v. Commissioner
Docket No. 806-81.
United States Tax Court
T.C. Memo 1984-56; 1984 Tax Ct. Memo LEXIS 616; 47 T.C.M. (CCH) 1023; T.C.M. (RIA) 84056; February 2, 1984. Steven V. Schmieder, pro se. Dennis L. Perez, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7456(c) and (d) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: Respondent determined a deficiency in petitioner's 1978 Federal income tax in the amount of $2,008. The issues for determination are (1) whether petitioner is entitled to a dependency exemption for each of his three children; (2) whether petitioner is entitled to a nonbusiness bad debt deduction of *618 $1,500; (3) whether petitioner is entitled to a theft loss deduction of $3,786; and (4) whether petitioner is entitled to an additional employee business expense deduction in the amount of $1,726.01. Some of the facts have been stipulated and are found accordingly. At the time petitioner filed his petition in this case he was a resident of Bakersfield, California. For the year 1978 petitioner filed a separate income tax return as a married person. 1. Dependent exemptions.
During the year 1978 petitioner was separated from his wife under an interlocutory decree of divorce under California law which became final in June of 1979. The interlocultory decree awarded custody of the three minor children of the marriage to petitioner's wife. For the year 1978 petitioner was not required to pay child support for the minor children. Petitioner contends that he is entitled to claim his three children as exemptions for 1978 since he provided their support. Respondent disallowed the exemptions claimed on the ground that petitioner failed to show that he provided over half of the children's support. At the trial of this case petitioner failed to introduce evidence to support his *619 position that he provided over half of the support for his three children. Petitioner's evidence consisted simply of vague statements that he provided certain personal property for the use of his children. Also, petitioner claims that the house they were living in was community property, and as such, he should be given credit for half of the house as support for his children. However, petitioner failed to show that total support required by the children during the year involved, and he failed to show much he contributed of that total amount. Petitioner presented no other evidence to show that he provided support for his children, except for minor amounts spent on various occasions when he had lunch with his children. Petitioner has the burden of proving that he is entitled to the three exemptions claimed. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Under the provisions of section 152(a) petitioner must show that over half of the support for each of the three children was received from him in order to be able to claim *620 a deduction for the three exemptions. Since petitioner has failed to prove both the total amount of support received by each child and that he provided more than half of that support, he is not entitled to claim an exemption deduction for any of the children. Frazier v. Commissioner,T.C. Memo. 1973-21. Although petitioner argues that he should be entitled to treat his wife's income as community property and be credited with one-half of this amount toward the support of his children, such position is not well taken. During 1978 petitioner and his spouse lived separate and apart and their earnings are separate rather than community property under California law. Section 5118 Calif. Civil Code. Thus, based on the evidence, petitioner has completely failed to show that he contributed more than half of the support for the dependency exemptions claimed. Accordingly, respondent's determination on this issue is sustained. [3]
*621 2. Nonbusiness bad debt.
Petitioner contends that during 1972 his father borrowed $4,500 from him and failed to repay this amount. During 1975 petitioner advised the executor of his father's estate that he wished to file a claim in the amount of $4,500 for money which he had loaned to his father. He was advised by the attorneys for the estate that the date for filing creditors' claims had already expired. Petitioner made no further attempt to collect the amount he claimed that his father owed him at the time of his father's death on August 19, 1974.
Petitioner claimed a nonbusiness bad debt in the amount of $4,500 for the taxable year 1975. Since petitioner was not able to deduct the full amount of the claimed loss, a balance was carried to each of the years 1976 and 1977, with a balance of $1,500 claimed for the year 1978. Respondent disallowed the deduction on the ground that petitioner failed to show there was a bona fide debt between himself and his father. The factors to be considered in determining whether a bona fide debt exists between related parties include *622 (1) the existence of evidence of indebtedness, (2) whether there is a fixed schedule for repayment, (3) whether interest is charged on the debt, (4) whether collateral is requested, (5) the existence of a written agreement (6) whether demand for repayment is made, (7) whether the records of the parties reflected a debt, (8) whether repayments have been made, and (9) whether the debtor is solvent at the time of the loan. Goldstein v. Commissioner,T.C. Memo. 1980-273. Although the debt was recognized by petitioner's father in a letter dated May 8, 1972, showing a 6 percent rate of interest, and although there was testimony as to his father's solvency, petitioner's evidence is not sufficient to establish that the debt was not forgiven or satisfied at some later date. By petitioner's own testimony, he failed to make demand upon his father for repayment because his father was supporting him at the time. On this record, we can only conclude there was no bona fide between petitioner and his father at the time of his father's death. Accordingly, petitioner is not entitled to a deduction for a nonbusiness bad debt. 3. Theft loss.
During 1978 petitioner claimed *623 a theft loss in the amount of $3,786 for property which petitioner claimed he was entitled to receive form his father's estate, but was taken from the estate by his wife and converted to her personal use. In order to be entitled to a deduction for a theft loss petitioner must show that he owned the property, Schiers v. Commissioner,T.C. Memo. 1976-37, and that it was stolen and there was no reasonable expectation that the property would be recoverd. Schacht v. Commissioner,47 T.C. 552 (1967). In addition, petitioner must establish the amount of the loss which is limited to the lesser of the adjusted basis of the property or its fair market value at the time of the theft. McConnell v. Commissioner,T.C. Memo. 1979-247. Petitioner's theft loss was based on his claim that he was entitled to a dining room set from the estate of his father which was taken by his wife. At the trial of this case petitioner admitted that the furniture was eventually returned to him by his children. Based on this fact, petitioner's claim that his wife *624 stole the property is questionable to say the very least. Finally, even if we were to assume that a theft loss occurred, petitioner presented no evidence as to his basis in the property or its fair market value. According to his own testimony, the amount of the loss reported on petitioner's income tax return was derived "by a miracle, I think God told me it was worth about $3,886." With regard to this issue, petitioner has also failed to meet his burden of proof that he is entitled to a deduction for a theft loss. 4. Employee business expenses.
During 1978 petitioner was employed as a substitute teacher, as an income tax return preparer, as a tax examiner, and as a liquor store clerk. He deducted $2,002.01 for meals, lodging, education and auto expenses which he claims pertained to his employment and his job hunting. Respondent disallowed $1,726.01 of the total amount claimed. On April 24, 1978, petitioner was employed by the Internal Revenue Service (IRS) at Van Nuys, California. At the time of his employment petitioner's personal residence was in Bakersfield, California. After petitioner commenced employment with the IRS he continued to maintain his personal residence *625 in Bakersfield. During the period of time that he was employed by the IRS he stayed in a motel in the Los Angeles area and incurred expenses for meals and lodging which he deducted as travel expenses on his income tax return. Petitioner's employment with the IRS was terminated on October 6, 1978. Respondent disallowed the expenses claimed on the ground that Van Nuys became petitioner's tax home when he accepted full time employment with IRS. Petitioner argues that his employment was temporary since he did not intend to work beyond the summer of 1978. There is no dispute between the parties that the expenses for meals and lodging are deductible only if petitioner's employment with the IRS was temporary in nature. Employment is temporary only if its termination can be foreseen within a short period of time. Mitchell v. Commissioner,74 T.C. 578, 581 (1980). "To qualify for a deduction under the temporary-indefinite rule, the employment must be temporary in contemplation at the time of its acceptance and not indeterminate in fact as it develops." McCallister v. Commissioner,70 T.C. 505, 509 (1978). *626 In the instant case, we think the facts are clear that at the time of his employment with the IRS petitioner could have reasonably expected to be employed for an indefinite period of time. Petitioner was hired as a full-time employee without limitations as to the period of time that he would be employed. Although petitioner's continued employment was conditioned upon satisfactory completion of a training course during a one-year probationary period, uncertainties of employment at its inception do not establish that employment is temporary. See Bullock v. Commissioner,T.C. Memo. 1980-135. Even if we accept petitioner's testimony that he intended to return to his teaching career in Bakersfield when the fall school term commenced, this fact does not make employment with the IRS temporary. A taxpayer's individual desires to return to his former place of residence or employment does not make employment temporary in those circumstances where employment would otherwise be indefinite. See Trapp v. Commissioner,T.C. Memo. 1980-49. Accordingly, the deduction claimed for meals and lodging incurred during 1978 are not deductible. During the taxable year *627 petitioner incurred certain automobile expenses which he deducted as business expenses under section 162. The record shows that petitioner was reimbursed for mileage expenses incurred while employed by the IRS, and for expenses incurred while employed with the kern County School District. Also, the record shows the petitioner is entitled to a deduction for automobile expense for miles driven on the same day between two places of employment as reflected in his travel log. Respondent has allowed a deduction for the reimbursed expenses and for the automobile expenses incurred while employed at two places of employment. However, petitioner claimed additional automobile expenses which were not properly substantiated. Since petitioner has the burden of proof to establish his entitlement to additional automobile expenses and has failed to meet this burden, respondent's adjustment is sustained. Finally, with regard to petitioner's education expenses, petitioner deducted expenses for Spanish and personal physical conditioning courses taken at Los Angeles Valley College while he was employed by the IRS. Although it is conceivable that petitioner's duties with the IRS may have involved *628 dealing with Spanish-speaking individuals, petitioner did not precent any specific evidence of this fact. In order to be allowed a deduction for foreign language education a taxpayer must demonstrate a proximate relationship between that education and the job skills required in his employment. Kosmal v. Commissioner,T.C. Memo. 1979-490, affd. per curiam on another issue 670 F.2d 842 (9th Cir. 1982). Petitioner has failed to demonstrate the necessary proximate relationship. Finally, we see no way in which a course in personal physical conditioning could maintain or improve the skills required by petitioner in his employment with the IRS as a tax auditor. Thus, petitioner has failed to satisfy his burden of proof that he is entitled to the deduction claimed for educational expenses. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable in this case.
3. We note that the provisions of section 152(e), providing special rules in the case of a child of divorced parents, are not applicable herein. Here, the divorce decree did not provide that petitioner, the noncustodial parent, shall be entitled to any section 151 deductions for the children. Section 152(e)(2)(A)(i). Nor did petitioner provide $1,200 for the support of each of the children. Section 152(e)(2)(B)(i)↩.