JAMES A. BAUGHER and PATRICIA A. BAUGHER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baugher v. Commissioner
Docket No. 28849-82.
United States Tax Court
T.C. Memo 1984-191; 1984 Tax Ct. Memo LEXIS 487; 47 T.C.M. (CCH) 1523; T.C.M. (RIA) 84191; April 16, 1984. *487 James A. Baugher, pro se. Jillena A. Warner and Helen Theo, for respondent. CALDWELL
MEMORANDUM FINDINGS OF FACT AND OPINION CALDWELL, Special Trial Judge:[1] Respondent determined deficiencies of $1,072 and $1,594 in petitioners' 1979 and 1980 Federal income taxes, respectively. After concessions by petitioners, the sole issue for decision is whether petitioners are entitled to a deduction for employee business expenses claimed by Mr. Baugher (petitioner) during each of the years in issue. FINDINGS OF FACT At all material times, petitioner was a pipefitter affiliated with the Plumbers and Steamfitters Union Local 377 in Madison, Alabama. At the time the petition was filed in this case, and during the years in issue, petitioner maintained a permanent residence in Athens, Alabama. On July 25, 1978, petitioner began work with the Tennessee Valley Authority (TVA) as a pipefitter at its Bellefonte Nuclear Plant (plant). The plant was approximately 75 miles from petitioner's residence. Petitioner worked continuously at the plant until September 5, 1983, when *488 he was laid off. Construction on the plant began sometime in the mid-1970's. Initially, the projected completion date was 1981. However, at the time of trial, the plant was still under construction, and will not be completed until at least the late 1980's. When petitioner began work at the plant in 1978, there was an acute need for pipefitters. Petitioner was initially employed pursuant to an "11-29," i.e., a temporary appointment for a period of 11 months and 29 days. At the completion of the contract an 11-29 employee would customarily have approximately two weeks off and then would be rehired under an identical contract.In October 1978, the TVA ceased using 11-29 employment contracts and replaced them with employment contracts that did not have termination dates. Employees hired under both types of employment contracts were referred to by the TVA as temporary employees. The purpose of both types of employment contracts was the same: to allow the TVA to meet its hiring needs without employing full-time employees and thereby having to confer on them the benefits of such full-time employment.
During 1979 and 1980, petitioner drove daily between his residence and the plant. *489 Petitioner drove his own car half the time, and rode with another employee the other half of the time. On his 1979 and 1980 returns, petitioner deducted the cost of meals, lodging, and travel between his home and the plant on the ground that his employment was "temporary." Peurifoy v. Commissioner,358 U.S. 59 (1958), affg. per curiam 254 F.2d 483 (4th Cir. 1957). Respondent disallowed the deductions for lack of substantiation, and on the ground that petitioner's employment was "indefinite." McCallister v. Commissioner,70 T.C. 505 (1978). OPINION Initially, we note that petitioner drove daily roundtrip between his residence and the plant. Consequently, petitioner did not incur any expenses for meals and lodging, and at trial, petitioner did not argue that he did incur such expenses. Therefore, only petitioner's travel expenses remain in issue.
The burden of proving that his employment was temporary rests with petitioner. Ruel 142(a), Tax Court Rules of Practice and Procedure. Whether a job is temporary or indefinite is purely a question of fact. This Court considers a job to be temporary if it is of a type which can be expected *490 to last only a short period of time and not a substantial or indefinite period of time. McCallister v. Commissioner,supra,Tucker v. Commissioner,55 T.C. 783 (1971). Employment which is originally temporary may become indefinite due to changed circumstances or the passage of time. Norwood v. Commissioner,66 T.C. 467, 470 (1976); Kroll v. Commissioner,49 T.C. 557, 562 (1968). Petitioner argues that his employment was temporary because of the 11-29 agreement, i.e., he was considered a "temporary" employee by the TVA. However, this fact is not determinative. [2] As this Court has pointed out in a long line of cases, the purpose of an 11-29 employment contract and its successor was to allow TVA to hire sufficient employees without designating them as full-time employees. Petitioner was hired at the plant in 1978. At that time, there was a heavy demand for pipefitters, and the projected completion date for construction of the plant was at least 1981. Under these circumstances, *491 petitioner's employment could reasonably be expected to last beyond a temporary period of time. We find support for our conclusion from the fact that petitioner worked at the plant for over a five-year period. McCallister v. Commissioner,supra at 510. Accordingly, respondent must be sustained on this issue. Decision will be entered for respondent.
Footnotes
1. This case was heard pursuant to Rule 182, Tax Court Rules of Practice and Procedure.↩
2. See, e.g., Groover v. Commissioner,T.C. Memo. 1982-329, affd. 714 F.2d 1103↩ (11th Cir. 1983).