THOMAS A. TIGUE AND OTHALEE TIGUE, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent [1]
Tigue v. Commissioner
Docket No. 7243-81
United States Tax Court
T.C. Memo 1983-461; 1983 Tax Ct. Memo LEXIS 329; 46 T.C.M. (CCH) 971; T.C.M. (RIA) 83461; August 8, 1983. *329 Held, petitioner's employment at the Watts Bar Nuclear Plant was indefinite rather than temporary. Accordingly, a deduction for transportation expenses incurred during the taxable year is denied. Ford P. Mitchell, for the petitioners. Cynthia M. Odle-Schlechty, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency of $814 in petitioners' income tax for the taxable year 1979. The sole issue to be decided to whether the employment of petitioner Thomas A. Tigue [2] was temporary or indefinite in duration for purposes of determining whether the cost of transportation between Mr. Tigue's *330 residence and his job site is deductible under Section 162. [3]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner Thomas A. Tigue and his wife, Othalee Tigue, resided in Rockwood, Tennessee when they filed their petition in this case. They filed their joint Federal income tax return for their 1979 taxable year with the Director, Internal Revenue Service Center, Memphis, Tennessee. Petitioner was employed on October 27, 1974, by the Tennessee Valley Authority (TVA) at the Watts Bar Nuclear Plant located in Spring City, Tennessee.The petitioner was a salaried employee in charge of an engineering group. The petitioner has a long, continuous history of employment *331 with the Tennessee Valley Authority. The petitioner has remained an employee of the Tennessee Valley Authority at the Watts Bar Nuclear plant since his employment in 1974. At all times during his employment at the Watts Bar Nuclear Plant, he has been classified as a permanent employee. During the 1970's TVA undertook a substantial construction program throughout what is commonly referred to as the "Valley" which embraces parts of Tennessee and Alabama.In 1974 there were 7,000 employees involved in TVA construction projects and by 1979 the number of such employees had increased to 20,000. However, by February 1982 the number of employees had dropped to approximately 13,000. The petitioner has been a resident of Rockwood, Tennessee, for 59 years and has owned his home there for 30 years. Othalee Tigue has been an employee at the Chamberlain Memorial Hospital in Rockwood, Tennessee since 1950. During 1979, the petitioner used his personal automobile to travel daily between his residence at Rockwood, Tennessee, and his place of employment at the Watts Bar Nuclear Plant. The distance between the petitioners' residence and the Watts Bar Nuclear Plant in Spring City is approximately *332 60 miles. In the notice of deficiency dated January 13, 1981, the respondent determined a deficiency in the petitioners' income tax for the year 1979 in the amount of $814.00. The deficiency resulted from the disallowance of $2,173.75 of transportation expenses incurred by Thomas Tigue in driving his personal automobile a total of $11,750 miles to and from his residence in Rockwood to the Watts Bar Nuclear Plant in Spring City. [4]
OPINION The sole issue for our decision is whether petitioner's employment at the Watts Bar Nuclear Plant was temporary or of indefinite duration. If we find that Mr. Tigue's employment was temporary he may deduct the cost of daily transportation between his residence and the Watts Bar job site. [5]
*333 Section 162(a)(2) allows a taxpayer to deduct ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business, including traveling expenses while away from home in the pursuit of a trade or business. This Court has long held that as a general rule the term "home," as used in section 162, means the vicinity of the taxpayer's principal place of employment and not where his or her personal residence is situated. Mitchell v. Commissioner,74 T.C. 578, 581 (1980); Kroll v. Commissioner,49 T.C. 557, 561-562 (1968). An exception to this general rule is provided, however, when a taxpayer's employment away from his residence is temporary rather than indefinite or permanent in duration. Commissioner v. Peurifoy,358 U.S. 59 (1958); Kroll v. Commissioner,supra at 562. If the employment is considered temporary, the taxpayer may be permitted to deduct his traveling expenses, including the cost of transportation to and from work. See Norwood v. Commissioner,66 T.C. 467, 469 (1976) and footnote 5, supra.
Temporary employment has generally been defined *334 as a type which can be expected to terminate within a short period of time. Norwood v. Commissioner,supra at 469; Cockrell v. Commissioner,38 T.C. 470, 479 (1962), affd. 321 F. 2d 504 (8th Cir. 1963). However, even if it is known that the employment will terminate at some future date, the employment is not temporary if it is expected to last for a substantial or indefinite period of time. Jones v. Commissioner,54 T.C. 734 (1970), affd. 444 F. 2d 508 (5th Cir. 1971); Cockrell v. Commissioner,supra. Employment which originally is temporary may subsequently become indefinite because of changed circumstances or the passage of time. Norwood v. Commissioner,supra at 470; Kroll v. Commissioner,supra.
The allowance of a deduction from gross income does not turn on general equitable considerations but rather upon legislative grace. New Colonial Ice Co., Inc. v. Helvering,292 U.S. 435, 440 (1934). The taxpayer bears the burden of proving that his employment was temporary so as to bring his case within the statutory provision *335 permitting the deduction. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Thomas Tigue was a salaried employee in charge of an engineering group during the taxable year in issue and was classified as a permanent employee by his employer. As of the date of trial petitioner had been employed at the Watts Bar Nuclear Plant for 7 1/2 years. The petitioner did not testify at trial and no evidence has been presented to indicate that his employment was anything other than indefinite during 1979. Even though petitioner may have had no assurance of how long his job would last, that fact is not determinative of whether his employment was temporary. McCallister v. Commissioner,70 T.C. 505, 510 (1978). The absence of permanence does not require a finding that petitioner's job was temporary. Garlock v. Commissioner,34 T.C. 611, 616 (1960). Petitioner cites and relies upon Markey v. Commissioner,490 F.2d 1249 (6th Cir. 1974) for the proposition that the criterion used by the Sixth Circuit, to which the present case is appealable, to determine whether travel expenses are *336 deductible is whether it is reasonable for the taxpayer to move his home to the job site. In Markey the taxpayer had two places of trade or business which were geographically distant from one another. The Sixth Circuit held that to determine which of the two locations was the taxpayer's home for purposes of section 162(a)(2) the proper test was an objective one: We hold, therefore, that when a taxpayer has two places of business or employment at a considerable distance from one another, his designation of one as his abode, if different from the place where he spends more of his time, engages in greater business activity, and derives a greater proportion of his income, is not dispositive of the question which location is his home for the purpose of deducting traveling expenses. [490 F.2d at 1255.] Implicit in the Sixth Circuit's opinion in Markey is that, for purposes of section 162(a)(2), the home of a taxpayer who has two places of business is the location of one of his businesses. [6]
The Sixth Circuit has, in effect, adopted the same test as this Court to determine whether a taxpayer *337 is entitled to deduct expenses incurred in traveling between his personal residence and the sole location where he is engaged in a trade or business. Specifically, the Sixth Court held in Ham v. United States,408 F.2d 671 (6th Cir. 1969) that if a taxpayer's employment at a particular place is for an indefinite duration, his maintenance of his personal residence at a location other than the place of his employment is not required by the exigencies of his trade or business, but instead is motivated by personal reasons. Petitioner identifies the deferral or shelving by TVA of the Watts Bar project as an event he could "foresee" that would result in the termination of his employment. Petitioner asks us to use judicial notice to find that, shortly after the trial of the instant cases, TVA announced that there would be a slowdown at the Watts Bar project and that construction workers would be laid off at the project. See United States v. An Easement and Right-of-way, etc.,246 F. Supp. 263, 269 (W.D. Ky. 1965). Petitioner has introduced no evidence to establish that the deferral or shelving of the Watts Bar project by TVA was a foreseeable occurrence *338 during the year in issue. Rather, the only evidence regarding the foreseeability of a deferral of the Watts Bar project directly contradicts petitioner's position: the TVA official testified at trial that "no consideration" had been given by TVA to deferral of the Watts Bar project. Petitioner finally argues that his work was temporary because it is common knowledge in the construction industry that workers are employed only so long as they are needed by the TVA and that the number of workers needed varies from day to day. Although that may well be true, [7] it does not show that petitioner's employment was temporary, rather than indefinite in duration. As we stated earlier, for employment to be considered temporary, it must be expected to terminate within a short period. Norwood v. Commissioner,supra at 469. *339 Petitioner, in maintaining that his costs of transportation to and from work are deductible under section 162(a), also alleges that housing was not available around or near the Watts Bar construction site. It appears from the record before us that a limited amount of low quality housing, rather than no housing whatsoever, was available in the vicinity of the Watts Bar project. [8] Even assuming, however, that the evidence before us established that the Watts Bar construction site is located in an area where housing is unavailable, we would conclude, nevertheless, that the costs of petitioner's daily round trip expenditures are nondeductible. Coombs v. Commissioner,608 F.2d 1269, 1276 (9th Cir. 1979); Sanders v. Commissioner,439 F.2d 296, 299 (9th Cir. 1971) and cases discussed therein. [9]
*340 Based on the record in this case, we conclude that petitioner has not established that his employment at the Watts Bar construction site was temporary rather than indefinite. Accordingly, we sustain respondent's disallowance of petitioner's deductions for transportation expenses under section 162(a)(2). Decision will be entered for respondent.
Footnotes
1. This case was consolidated for purposes of trial only with the following cases: Walter L. Clark and Elizabeth E. Clark, docket No. 4640-81; Henry P. Snyder, docket No. 5015-81; Michael A. Moody and Jessie S. Moody, docket No. 5016-81; Paul W. Burnette and Pauline Burnette, docket No. 5186-81; William H. Elliott, Sr. and Barbara C. Elliott, docket No. 7244-81; Joe D. Dunlap and Katherine Dunlap, docket No. 8232-81; Ronald E. Pelfrey and Anna S. Pelfrey, docket No. 9975-81.↩
2. Inasmuch as Othalee Tigue is a party to these proceedings solely by reason of her having filed a joint return with her husband for the taxable year 1979, all references hereinafter to the petitioner in the singular shall refer to Thomas Tigue. ↩
3. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue.↩
4. The current population of Spring City, Tennessee, is 2,300 people.↩
5. No issue has been raised concerning substantiation of the $2,173.75 claimed as automobile expenses. Additionally, respondent's counsel has specifically conceded that if we find that petitioner's employment is temporary, then those expenses are deductible under section 162(a) even though this Court has held that the expenses of driving to and from work are nondeductible commuting expenses whether or not the taxpayer's employment was temporary. See McCallister v. Commissioner,70 T.C. 505, 508↩ (1978).
6. Branscomb v. Commissioner,T.C. Memo. 1981-97↩.
7. Other courts have recognized that work in the construction industry is, by its very nature, impermanent. See e.g., Commissioner v. Peurifoy,254 F.2d 483, 486 (4th Cir. 1957), affd. 358 U.S. 59 (1958). Nevertheless, the courts have continued to apply the same standards to construction workers' employment as to other workers' employment, judging each separate employment on its own facts to determine whether it is temporary or indefinite. Kasun v. United States,671 F.2d 1059, 1062 (7th Cir. 1982); Frederick v. United States,603 F.2d 1292, 1296↩ (8th Cir. 1979).
8. The only evidence in the record concerning the availability of housing in Spring City is petitioner Snyder's testimony that as far as he knew there were no rental properties or homes to buy, petitioner Pelfrey's testimony that there "weren't very many" houses available, and petitioner Moody's testimony that the housing which was available "was below standards." ↩
9. See Deblock v. Commissioner,T.C. Memo. 1980-277↩.